**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID K. HARRIS,**

      **Plaintiff,**

**vs.**                          **Case No. 4:11cv601-MP/WCS**

**K. TUCKER,**

      **Defendant.**

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint under 42 U.S.C. § 1983 on February 27, 2012.  Doc. 13.  The amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

The Defendant is the Secretary of the Florida Department of Corrections, Kenneth Tucker, and Plaintiff contends that the Department is not in compliance with Florida statute 944.275 because no tentative release date has been established for him.  Plaintiff states he was sentenced to life with a mandatory term of 15 years to serve, prior to becoming eligible for 'release' as a habitual violent felony offender."  Doc. 13, p. 7.  Plaintiff explains the Department's position is that his sentence is ineligible for parole consideration and that because gain time is inapplicable to his life sentence, a tentative release date (TRD) cannot be established.  *Id.*, at 8-9.

After review of Plaintiff's initial complaint which disclosed that Plaintiff had already filed a case in state court concerning this issue and the case was still pending, Plaintiff was directed to explain why the state court was unable to resolve this issue. Doc. 11.   Plaintiff has now said that in state court, he seeks only declaratory judgment that the Department's refusal to establish his TRD is constitutionally invalid.  Doc. 13. Plaintiff says that in this case, he is seeking both declaratory and injunctive relief.  *Id.* That is a distinction with no meaningful difference.  *If* it were found that Plaintiff was entitled to declaratory relief, that would necessarily result in the granting of injunctive relief.  It is not possible to declare a state agency is violating the law, yet permit those violations to continue.  Nevertheless, because the result of this case is clear, the following recommendation is made, notwithstanding that Plaintiff is continuing to pursue a case in state court.[1]

Plaintiff brings this action as a due process claim and equal protection claim. Yet, a violation of state law is not, in and of itself, a violation of the federal Constitution. *See* Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (finding no federal habeas relief could be provided on a petition grounded on issues of state law and stating that

---

[1] The abstention doctrine announced in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), "allows a federal court to dismiss a case when a concurrent state proceeding provides a more appropriate forum." TranSouth Financial Corp. v. Bell, 149 F.3d 1292, 1294 (11th Cir. 1998).  Allowing a dismissal is not the same as requiring a dismissal. "Generally, as between state and federal courts, the rule is that the 'pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .' " Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246 (citations omitted). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Id. Thus, federal courts should abstain to avoid duplicative litigation with state courts only in "exceptional" circumstances. Id., at 818, 96 S.Ct. at 1246.  This is not an exceptional circumstance.

such a "petition, which actually involves state law issues, is 'couched in terms of equal protection and due process"), *quoting* Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976). Plaintiff was sentenced to life, and has hope for parole after having served the minimum mandatory term. However, Plaintiff has no legitimate expectation of, or liberty interest in, receiving parole. Sultenfuss v. Snow, 35 F.3d 1494 (11th Cir. 1994). Thus, failure to set a tentative release date is not a protected liberty interest and does not give rise to a due process claim. Parisie v. Morris, 873 F.Supp. 1560, 1562 (N.D. Ga., 1995). Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission . . . ." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986), *citing* Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974). "There is no constitutional right to parole in Florida." Jonas, 779 F.2d at 1577, *citing* Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982).[2] In Hunter v. Florida Parole & Probation Commission, the Court rejected a claim that the Commission improperly calculated a presumptive parole release date and, thus, violated due process, holding that because there was no liberty interested in parole, there was no due process violation. Hunter, 674 F.2d at 848. Plaintiff has not shown a due process violation.

Plaintiff's equal protection claim fares no better. Plaintiff alleged only that no other "inmate sentenced pursuant to" § 775.084 is refused a TRD. However, Plaintiff goes on to state that the refusal to issue Plaintiff a TRD is "because he is sentenced to life." Those allegations fail to show that another similarly situated inmate is treated

_____

[2] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

differently than Plaintiff, or that the Defendant "engaged in invidious discrimination against him based upon" any constitutionally protected status.  Parisie, 873 F.Supp. at 1563.  Inmates who do not have life sentences[3] are not similarly situated.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 15, 2012.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Florida law defines a "tentative release date" as "the date projected for the prisoner's release from custody by virtue of gain-time granted or forfeited pursuant to § 944.275(3)(a)."  FLA. STAT. § 947.005(15).  The statute referenced in that provision provides that "[t]he department shall also establish for each prisoner sentenced to a term of years a 'tentative release date' which shall be the date projected for the prisoner's release from custody by virtue of gain-time granted or forfeited as described in this section."  FLA. STAT. § 944.275(3)(a).  Plaintiff was sentenced to life, and the law is clear that "one serving a life sentence, whether pursuant to guidelines sentencing or habitual offender sentencing, is ineligible for parole or gain-time."  Lewis v. State, 625 So.2d 102, 103 (Fla. 1st DCA 1993); see also Tal-Mason v. State, 700 So.2d 453, 456 (Fla. 4th DCA, 1997).  Thus, because Florida law requires a TRD be established by calculating gain time, and Plaintiff is not eligible for gain time because he is sentenced to life and not a term of years, there appears to be no viable state law claim.  Plaintiff is not sentenced to a term of years, but to a life sentence "which could, in retrospect, turn out to be moments, days, weeks or months—as well as, of course, years."  Tal-Mason, 700 So.2d at 456.

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.